IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )   CRIMINAL ACTION NO.
     v.                     )       2:20cr085-MHT
                            )            (WO)
DIEGO FAGUNDEZ              )
```

ORDER

This cause is before the court on defendant Diego Fagundez's motion to continue trial. For the reasons set forth below, the court finds that jury selection and trial, now set for April 4, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

> which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Fagundez in a speedy trial. Defense counsel represents that the case against his

2

client involves extensive discovery. Additionally, defense counsel represents that he has had some difficulty meeting with his client. A continuance of the trial is therefore warranted and necessary to allow defense counsel adequate time to review discovery, to discuss the case with his client, and to prepare any pretrial motions, if appropriate. In addition, the government does not oppose the motion.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) The motion to continue trial (Doc. 379) is granted.

(2) The jury selection and trial, now set for April 4, 2022, are reset for August 8, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the August trial term and

shall postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 14th day of March, 2022.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**