IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )      2:20cr085-MHT
                            )         (WO)
DIEGO FAGUNDEZ              )
```

ORDER

This cause is before the court on defendant Diego Fagundez's motion to continue trial.  For the reasons set forth below, the court finds that jury selection and trial, now set for August 9, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161.  The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in

> which such charge is pending, whichever date
> last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."   § 3161(h)(7)(A).   In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

In his motion for a continuance, Fagundez represents that "[a]bout 4 days ago [he] experienced symptoms in his lower back making it impossible for him to walk," that he went to a facility in the Atlanta

metro area to seek medical treatment, and that he will be "unable to appear for his trial ... due to his medical condition." Motion for Continuance (Doc. 424) at 1.

While the court greatly doubts the veracity of these representations, it finds, nevertheless, that the ends of justice served by granting a continuance outweigh the interest of the public and Fagundez in a speedy trial, and that a continuance is warranted . In March 2022, the United States Probation Officer filed a petition for a warrant, in which he reported that Fagundez had left home without permission and that his whereabouts were unknown. *See* Petition for Warrant (Doc. 384). The court granted the petition, but the warrant has yet to be executed. Defense counsel reports that he has not seen his client in person for many months. Trial is set for today. Defense counsel, counsel for the government, and the jury panel are all present. Yet, with less than an hour to go before

3

trial is set to begin, Fagundez is not, and both defense counsel and the government agree that he is highly unlikely to appear. Several of the government's witnesses must travel from out of town or state if they are to appear today, and the government has requested that the court continue the trial so that they will not be forced to travel in vain. For all of these reasons, a continuance is warranted.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue trial (Doc. 424) is granted.

(2) The jury selection and trial, now set for August 8, 2022, are reset for October 31, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

4

The United States Magistrate Judge shall conduct a pretrial conference prior to the October trial term and shall postpone any appropriate deadlines.

DONE, this the 9th day of August, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE