IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        2:20cr85-MHT
                            )           (WO)
DIEGO FAGUNDEZ              )
                            )
```

COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished, you will go into the jury room and begin your discussion--what we call your deliberation.

I.

It will be your duty to decide whether the government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crime charged in the indictment. You must make your decision only on the basis of the testimony and the other evidence presented here during the trial; you must not be

1

influenced in any way by public opinion or by sympathy or prejudice, whether for the defendant or for the government.  Both the defendant and the government expect a fair trial at your hands, and they expect that you will carefully and impartially consider the evidence you have heard.

You must follow the law as I explain it to you, whether you agree with that law or not.  You must follow **all** of my instructions, as a whole.  You may not single out or disregard any of the court's instructions on the law.

The mere existence of an indictment against a defendant is not evidence of guilt.  Indeed, every defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his innocence, or to produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

While the government's burden of proof is high, it is not necessary that a defendant's guilt be proved beyond all <u>possible</u> doubt.  It is only required that the government's proof exclude any <u>reasonable</u> doubt about the defendant's guilt with regard to any particular charge.

A reasonable doubt is a real doubt, based upon reason and common sense, after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  A reasonable doubt can arise from evidence or from lack of evidence.  If you are convinced that the defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced of this, say so.

As I stated earlier, you must consider only the evidence that I have admitted in this case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.  Remember that

anything the lawyers say, including the opening and closing statements, is not evidence in this case. It is your own recollection and interpretation of the evidence that controls. What is said during the opening and closing statements is not binding upon you.

Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case, or that I favor any particular outcome. Except for my instructions to you about the law, you should disregard anything that I may have said during this trial in arriving at your own independent decision concerning the facts.

In considering the evidence, you may make deductions and reach conclusions that reason and common sense lead you to make. You should not necessarily be concerned about whether this evidence is direct or circumstantial. Direct evidence is the testimony of an individual who asserts actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances that, taken together, tend to

4

prove or disprove any fact that is in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness's testimony, in whole or in part.  Also, the number of witnesses testifying as to any particular dispute is not necessarily controlling.  For example, you may decide that the testimony of a small number of witnesses concerning a particular fact in dispute is more believable than the testimony of a larger number of witnesses who testified to the contrary.

In deciding whether you believe or disbelieve any witness, I suggest that you consider factors such as which side called the witness, the demeanor of the witness, and the manner in which the witness testified.

Did the witness give you an impression that the witness was someone who was telling the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things that the witness testified about? Did the witness appear to understand the questions clearly and to answer them directly? Did the witness's testimony contradict or otherwise differ from another witness's testimony or from other evidence?

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it. People naturally tend to forget some things or remember other things inaccurately. So if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood. The significance of that distinction may depend on whether the misstatement has

to do with an important fact or only involves an unimportant detail.

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact, or whether there was evidence that at some other time, a witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.  But that does not mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

You must consider some witnesses' testimony with more caution than others.  In this case, the government has made a plea agreement with a codefendant in exchange for his testimony.  Such "plea bargaining," as it is called,

7

provides for the possibility of a lesser sentence than the codefendant would normally face.  Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.  But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.  So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.  And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

You should not give extra credence to a person's testimony just because of the person's status as a law enforcement officer.  You must consider that person as you would any other witness.  Feelings of support for law-enforcement officers, right or wrong, have no place under our system of justice. Under the laws of the United States, all witnesses, including law enforcement officers, are considered in the same manner.

A defendant has a right not to testify. The law does not require the defendant to prove his innocence--or to produce any evidence at all--and no inference whatsoever may be drawn from the election of the defendant not to testify.

## II.

The defendant in this case is Diego Fagundez. At this time, I will explain the indictment, which charges the defendant with one offense, also called a "count," against him. I will not read the indictment to you at length, because you will be given a copy of the indictment for reference during your deliberations.

Count 1 charges that the defendant knowingly and willfully conspired to distribute 50 grams or more of methamphetamine, a controlled substance.

I will now explain the law associated with this offense.

### Count 1

## Conspiracy to Distribute and to Possess with Intent to Distribute a Controlled Substance

As stated, Count 1 charges the defendant with conspiracy to distribute and to possess with intent to distribute a controlled substance.

Title 21, United States Code, Section 841(a)(1) makes it a crime for anyone to knowingly possess methamphetamine with intent to distribute it. The statute under which the defendant is charged, Title 21, United States Code, Section 846, makes it an independent federal crime for anyone to conspire to knowingly possess with intent to distribute methamphetamine.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The government does not have to prove that all of the people named in the indictment were members of the plan, or that those who were members made any kind of

formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the government does not have to prove that the conspirators succeeded in carrying out the plan.

The defendant can be found guilty only if all the following facts are proved beyond a reasonable doubt:

(1) Two or more people in some way agreed to try to accomplish a shared and unlawful plan, the object of which was to possess with the intent to distribute methamphetamine; and

(2) the defendant knew the unlawful purpose of the plan and willfully joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan--and willfully joined in the plan on at least one occasion—that is sufficient for you to find the defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy.  Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

The defendant is charged with conspiring to distribute and to possess with intent to distribute at least 50 grams of methamphetamine.  But you may find the defendant guilty of the crime even if the amount of the controlled substance for which he should be held responsible is less than 50 grams.  So if you find the defendant guilty, you must also unanimously agree on the weight of the methamphetamine the defendant conspired to distribute and to possess with intent to distribute--and must specify the amount on the verdict form, as I will explain later.

III.

The guilt of a defendant in a criminal case may be proved without evidence that the defendant personally did every act involved in the commission of the crime charged.  The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So if the acts or conduct of an agent, employee, or other associate of the defendant are willfully directed or authorized by the defendant, or if the defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the defendant responsible for the conduct of that other person just as though the defendant had personally engaged in such conduct.

However, before any defendant can be held criminally responsible for the conduct of others, it is necessary that the defendant willfully associate in some way with

the crime <u>and</u> willfully participate in it.  Mere presence at the scene of a crime, merely doing something that, by chance, happens to help someone else commit a crime, and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime.  You must find beyond a reasonable doubt that the defendant was a willful participant and not merely a knowing spectator.

You will note that the indictment alleges that the offense was committed "on or about" a certain date.  The government does not have to prove with certainty the exact date of the alleged offense.  It is sufficient if the government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "willfully," as that term is used in the indictment or these instructions, means that the act was committed voluntarily and purposefully, with the specific intent to do something the law forbids; that is, with the bad purpose either to disobey or disregard the law.

14

IV.

I caution you that the defendant is on trial only for the specific crime charged in the indictment. You are here to determine from the evidence in this case whether the defendant is guilty or not guilty of that specific crime.

You must never consider punishment in any way to decide whether the defendant is guilty. If you find a defendant guilty, the punishment is for me alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous. In other words, to return a verdict, you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. You must discuss the case with one another

and try to reach an agreement.  While you are discussing the case, do not hesitate to reexamine your own opinions and change your mind if you become convinced that you were wrong.  At the same time, do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that in a very real way, you are now serving as judges: judges of the facts.  Your only goal is to seek the truth based on the evidence of the case.

When you go to the jury room, you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience.  You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date it, and sign it, at which point you will return to the courtroom.

If you should desire to communicate with me at any

time, please write down your message or question and pass your note to the security officer, who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time (that is, how many of you are planning to vote one way versus another).

17